**United States District Court**
**Western District of Louisiana**
**Shreveport Division**

| | |
|---|---|
| Dauhja Vashad Coleman | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| Northwestern State University of | ) |
| Louisiana and Campus Officer | ) |
| Jared Hamblin | ) |
| Defendants | ) |
| _____ | ) |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Dauhja Vashad Coleman brings this action against Northwestern State University of Louisiana and its campus police officer, Jared Hamblin individually and in his individual capacity pursuant to 42 U.S.C. §1983 and §1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C., §§1331 and 1343, and under 28 U.S.C. §1367(a).

The individual campus police officer, Jared Hamblin, under no threat to himself, violated the plaintiff's Fourth and Fourteenth Amendment Right to be free from excessive force.  These violations were committed as a result of the policies and customs of Northwestern State University's campus police department. Specifically, the Northwestern State University and the Campus Police Department had inadequate policies regarding hiring, retention and training related to the use of force and has a history of acquiescence related to the use of force.

Plaintiff herein complies with the pleading requirements of FRCP Rule 8(a)(2) that states "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the  defendant  is  liable  for  the misconduct alleged."

## I.  Parties

a)  **JARED HAMBLIN,** at all times alleged herein was a major resident of Natchitoches Parish, Louisiana and employed by the Northwestern State University Department of Public Safety as a Campus Police Officer and acting in the course and scope of employment; and

b)  **NORTHWESTERN STATE UNIVERSITY OF LOUISIANA and/or STATE OF LOUISIANA**, through the BOARD OF SUPERVISORS for the UNIVERSITY of Louisiana System and/or Board of Trustees for State Colleges and Universities, (herein referred to as **"NSU"**), a domestic Board of Supervisors doing business in the State of Louisiana and who may be served through its duly appointed Agent for Service of Process and President, Dr. Joseph Chris Maggio, 310 Sam Sibley Drive, Suite 223, Natchitoches, Louisiana 71497.

## II.  Jurisdiction and Venue

42 U.S.C.  §1983 and 42 U.S.C.  §1988 provide jurisdiction over Plaintiff's constitutional claims for redress, which are conferred on this Court by 28 U.S.C. §1343(a)(3).   Federal question jurisdiction is conferred on this Court by 28 U.S.C. §1331, because this action arises under the Constitution and laws of the United States.

This Court also has pendant jurisdiction over all other claims asserted under the laws of the State of Texas, pursuant to 28 U.S.C. §1367(a). Venue is proper in the Western District of Louisiana, Shreveport Division, as this is the district where the claim arose in accordance with 28 U.S.C. §1391(b).

## III. Duty and Law Applicable

Plaintiff was subjected to excessive force, a violation of his rights guaranteed to him by the Fourth Amendment of the United States Constitution.

Plaintiff commences this action pursuant to 42 U.S.C. §1983, which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

At the time of the offense alleged in this petition, Officer Jared Hamblin was acting under the color of law and is liable under 42 U.S.C. §1983, and under the course and scope of his employment with NSU as a campus police officer.

## IV. Factual Allegations

On or about August 22, 2018, Plaintiff, Dauhja Vashad Coleman was visiting a former high school classmate on the campus of Northwestern State University in Natchitoches, Louisiana.  While driving on campus with his friend, the defendant was pulled over for failing to stop at stop sign.   Defendant, Jared Hamblin, in his capacity as campus police, requested credentials from the plaintiff.   Upon review of his license, it was discovered that the plaintiff had an outstanding warrant from Bossier Parish, Louisiana.  Based on this information, the defendant promptly detained and hand cuffed plaintiff. Once handcuffed and shackled, the parties engaged in a brief   dialogue and the plaintiff began to run in the direction of the officer.  The defendant pulled his weapon and fired two shots in the plaintiff's direction   before falling to the ground. The bullets deafly whizzed past the plaintiff's ears.  Realizing what had happened, the defendant's companion officer asked him, 'why did you do that?' and the officer replied that he misfired, thereby suggesting that the shooting was intentional.  After the bullets gazed his head and realizing that he was not dead, the plaintiff began to run in handcuffs and flip flops.  Uncertain where to go but scared for his life, the plaintiff irrationally jumped into a nearby Lake.  The plaintiff was eventually discovered in the lake by a City of Natchitoches police officer.  Although scared for his life and clearly stating such while in the lake, after 30 minutes, an officer from Bossier Parish, Louisiana convinced the plaintiff to come out of the lake.  Plaintiff shows that the firing of the shots and the other tactics used during his arrest were excessive techniques used that resulted in him sustaining permanent psychological and emotional injuries.  Moreover, the defendant officer failed to give the plaintiff any warning or verbal commands before firing his weapon.

## VI. Causes of Action

The acts of defendant, Jared Hamblin on the occasion in question was unreasonable and the plaintiff's resulting injuries and damages were caused solely,

legally and proximately by this defendant. The Northwestern State University of Louisiana, through the Board of Supervisors are liable to Plaintiff under 42 U.S.C. §1983 for acting with deliberate indifference, to the uses of excessive force by defendant Jared Hamblin. By failing to provide the defendant officer with sufficient training to resolve his continued use of excessive force, the University breached its duty to provide the officers with adequate supervision and training regarding the reasonable use of force and violated Plaintiff's Fourth Amendment right to be free of excessive force. Further, defendants Jared Hamblin and the Northwestern State University are responsible, obligated and liable for the injuries and damages sustained by the plaintiff as a result of the actions of Jared Hamblin under the doctrine of respondeat superior while acting in the course and scope of his agency, employment and/or representative capacity with NSU at the time of this incident.

There is no objective evidence to show that the plaintiff was a threat to anyone at the time defendant Hamblin fired shots at him and he did not say anything threatening towards the officers. Based on all the objective facts, the defendant Hamblin's actions were excessive and violated the plaintiff's Fourth Amendment right to be free from excessive force.

Contrary to the written incident report and other alleged supposed witnesses, there was no wrestling on the ground, no physical altercation, no attempt of the plaintiff to grab defendant Hamblin's gun. The officer had multiple means of restraint, but he chose the most dangerous course of action.

### VII. Damages

As a direct and proximate result of the Defendants' conduct, Plaintiff, Dauhja Vashad Coleman sustained medical expenses (past, present and future) reasonably incurred for his treatments. Plaintiff is also entitled to damages for all personal, emotional, physical, and economic injuries sustained as a proximate result of the Defendants' acts and omissions.

## VIII. Attorney's Fees

The Plaintiff has been required to retain the services of attorneys to represent him in this complex and difficult proceeding and cause of action. The Plaintiff has retained the undersigned attorneys to represent him and pursuant to 42U.S.C. §1988(b) of the Federal Civil Rights Act, he is entitled to recover for his reasonable and necessary fees incurred for these attorneys, and the reasonable and necessary expenses incurred in the pursuit of this claim at the trial level, the Court of Appeals level if the case is appealed to that Court, if necessary.

## IX. Jury Demand

Plaintiff respectfully demands a trial by jury.

### PRAYER

For these reasons, Plaintiff asks for judgment against all Defendants for the following:

a.    Trial by jury on all issues triable to a jury;

b.    Judgment against Defendants, jointly and severally, on behalf of the Plaintiff for actual damages pursuant to 42 U.S.C. §1983;

c.    Statutory and reasonable attorney fees pursuant to 42 U.S.C. §1988(b) of the Federal Civil Rights Act, pre-judgment interest, post-judgment interest, and all their costs herein expended;

d.    Any and all additional relief to which the Plaintiff may appear to be entitled.

Filed this 22nd day of August 2019.

Respectfully submitted:

By:    /s/Terry McGlothen
Terry McGlothen # 36906
**THE McGLOTHEN LAW FIRM, LLC.**
221 Rue De Jean Suite 136
Lafayette, Louisiana 70508
(337) 247 - 7531 Phone
(337) 314 - 9238 Fax
terry@mcglothenlaw.com