UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAUHJA VASHAD COLEMAN | CIVIL ACTION NO. 19-cv-1106 |
| VERSUS | JUDGE DRELL |
| NORTHWESTERN STATE UNIVERSITY, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Dauhja Vashad Coleman ("Plaintiff") alleges that he was subjected to excessive force while on the campus of Northwestern State University. He names as defendants Officer Jared Hamblin and the university. Defendants responded to the complaint with a Motion to Dismiss (Doc. 12) that asserts qualified immunity on behalf of Hamblin and challenges the adequacy of Plaintiff's allegations of a custom or policy that would allow for liability of the university.

In cases involving claims of qualified immunity, it is often appropriate to require a plaintiff to file a detailed reply or amended complaint to address that defense. Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995) (en banc). A plaintiff generally must be given the opportunity to allege facts with greater specificity before the court rules on the qualified immunity defense. Todd v. Hawk, 72 F.3d 443, 446 (5th Cir. 1995).

Plaintiff alleges in his original complaint that Officer Hamblin discovered after a traffic stop that Plaintiff was wanted on a warrant from Bossier Parish. Plaintiff was handcuffed, after which he and Hamblin "engaged in a brief dialogue and the plaintiff began to run in the direction of the officer" for undescribed reasons. Hamblin is alleged to

have "pulled his weapon and fired two shots in the plaintiff's direction before falling to the ground."  Plaintiff alleges that Hamblin's companion officer asked him why he did that, and Hamblin allegedly, "replied that he misfired, thereby suggesting that the shooting was intentional."  Plaintiff next alleges that the bullets "gazed his head," scaring him so much that he jumped into a nearby lake.

Plaintiff filed a memorandum in opposition to the motion to dismiss, but he did not take the opportunity provided by Federal Rule of Civil Procedure 15(a) to amend his complaint, without leave required, within 21 days of the service of the motion to dismiss.  The court, however, wishes to ensure that Plaintiff is made aware of his opportunity to amend his complaint and allege a clear set of facts before the qualified immunity defense is addressed.  Plaintiff might, for example, clarify whether he intends to allege that bullets actually contacted his head or merely passed near it when he alleges that the bullets "gazed his head."  Plaintiff alleges elsewhere that the bullets "deafly whizzed past the plaintiff's ears," which suggests the bullets did not strike him, but that is not clear.  It is also uncertain what Plaintiff means when he says that the officer "misfired."  That might indicate to some readers that the officer fired by accident, but Plaintiff alleges that this suggests the shooting was intentional.  Clarification would be helpful.

Plaintiff will be allowed until **November 22, 2019** to file a motion for leave to file an amended complaint.  Any such motion for leave must be accompanied by the proposed amended complaint and include a statement pursuant to Local Rule 7.6 as to whether defense counsel opposes the court granting leave to amend.  If Plaintiff takes advantage of

this opportunity, he should plead his best case and not assume that he will be allowed to amend again if those allegations are found wanting.

If the November 22 deadline passes without action, the court will assume that Plaintiff wishes to stand on the allegations in his original complaint, and the court will move forward with consideration of the motion to dismiss. If Plaintiff does amend his complaint, the court will issue instructions regarding additional briefing.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of November, 2019.

Mark L. Hornsby
U.S. Magistrate Judge